The PEOPLE of the State of
Colorado, Complainant,

v.

Jence Lieugenyer THOMAS, Respondent.

No. 96SA354.

Supreme Court of Colorado,
En Banc.

Oct. 28, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Jence Lieugenyer Thomas, Princeton, NJ, Pro Se.

ORIGINAL PROCEEDING
IN DISCIPLINE

PER CURIAM.

An inquiry panel of the supreme court grievance committee approved a stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel. The relevant portions of the stipulation are set out in the Appendix to this opinion. The parties recommended that the respondent be publicly censured. In approving the stipulation and recommendation, the inquiry panel stated that "[t]hose who voted in favor of the stipulation did not recommend more serious discipline due to health problems of Ms. Thomas, the fact that Ms. Thomas is not practicing in the state of Colorado, and the fact that Ms. Thomas is winding down her law practice in New Jersey."

The respondent previously received a letter of admonition for similar misconduct. After reviewing the stipulation and taking into account the special circumstances of this case, we find it appropriate to accept the conditional admission and the panel's recommendation.

Accordingly, it is hereby ordered that Jence Lieugenyer Thomas be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $47.98 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

APPENDIX

SUPREME COURT, STATE
OF COLORADO

CASE NO. GC 96B-76

BEFORE THE GRIEVANCE
COMMITTEE THEREOF

STIPULATION, AGREEMENT, AND
CONDITIONAL ADMISSION
OF MISCONDUCT

The People of the State of Colorado,
Complainant,

vs.

Jence Lieugenyer Thomas, Respondent.

NOW on this 2nd day of August, 1996, James C. Coyle, Assistant Disciplinary Counsel and attorney for complainant; and Jence

Lieugenyer Thomas, respondent, enter into the following stipulation, agreement, and conditional admission of misconduct ("stipulation") and submit the same to Inquiry Panel A and the Colorado Supreme Court for their consideration.

1. Respondent has taken and subscribed [to] the oath of admission, was admitted to the bar of this court on May 31, 1984, and is registered as an attorney upon the official records of this court, registration No. 13833. She is accordingly subject to the jurisdiction of this court and its Grievance Committee in these proceedings.

. . . .

6. With respect to the allegations contained in the complaint, respondent and complainant stipulate to the following facts and conclusions:

a) On February 21, 1995, respondent filed a motion to intervene and other pleadings on behalf of her client in *MGW Enterprises, Inc. v. Title Research, Inc., et al.*, case no. 94CV84, Delta County, Colorado. This motion to intervene was granted.

b) On August 30, 1995, respondent filed a motion for summary judgment on behalf of her client, along with a brief in support of such motion.

c) On September 26, 1995, respondent submitted another pleading entitled "Motion for Summary Judgment" which was actually a reply to the plaintiff's response to the original motion for summary judgment.

d) Respondent's motion for summary judgment was denied and respondent was assessed attorney's fees.

e) After receiving the order denying the motion for summary judgment, respondent filed a motion for recusal of the judge. In the motion for recusal, respondent alleged that the district court judge did not thoroughly review the pleadings in the case. In her motion for recusal, respondent also alleged inappropriate bias and improper conduct on the part of the judge. Respondent did not support these allegations with specific facts or by affidavit. In the motion, respondent speculates that the court's bias in favor

of plaintiffs may be because respondent is female and not domiciled in the jurisdiction in which the court is located, that respondent's client is domiciled in another jurisdiction, or that the court "simply has a special personal dislike for either counsel or the third parties." After referring to the court's order as arbitrary and capricious, the motion goes on to state that "so blatant an error can only be the result of an unsavory relationship between this court and the plaintiffs."

f) The motion for recusal continues in a later paragraph with the statement: "If, indeed, the third Parties have no hope of winning this case, regardless of the law and the facts so heavily in their favor, so long as they do not spur the local legal economy, Counsel would have appreciated this court's candor on this point long before this time."

g) Respondent further stated: "Counsel objects to the sanctions rendered against her, as the court's decision to impose those sanctions is solely based upon the court's intentional failure and refusal to review the pleadings *in toto*. This imposition of sanctions, without foundation, is yet further evidence of this court's personal involvement with the plaintiffs, using the court's power to attempt to intimidate and harass the Third Parties and their Counsel and further damage the real estate project."

h) Based upon respondent's motion for recusal and statements contained therein, the [district judge] recused himself in order to file a request for investigation with Disciplinary Counsel. The judge did file such request for investigation.

i) The case was thus reassigned to another judge. After the case was reassigned, respondent filed a restated motion for summary judgment, which was substantially identical to the one previously filed.

j) This restated motion for summary judgment was denied, and the court entered another award of attorney's fees in favor of the plaintiffs and against respondent. Shortly thereafter, the parties reached a settlement in the case.

k) A copy of [the] request for investigation was sent to respondent at her registered business address via certified mail on Decem-

ber 14, 1995. This letter was returned unclaimed. The request for investigation was resent via regular mail on January 9, 1996. Respondent failed to respond to the second letter.

*l* ) On February 6, 1996, another letter was sent to respondent at her registered business address, advising that a response had not been received by Disciplinary Counsel. Respondent did not respond.

m) A final attempt was made to reach respondent by telephone during the investigation. A message was left for respondent on her voice mail. Respondent did not return the telephone call.

n) Respondent's motions for summary judgment were groundless and frivolous; to the extent that the motion was not entirely groundless when originally filed, respondent removed all doubt by filing essentially the same motion a second time. At the time the second motion was filed, respondent was on notice that the first judge in this case considered the motion to be groundless and frivolous.

o) Respondent's motion to recuse [the first judge] was not supported by an affidavit as required by C.R.C.P. 97; thus, the statements made therein were made with reckless disregard as to their truth or falsity.

p) Furthermore, respondent has failed to cooperate in the investigation of the request for investigation of this case.

q) The foregoing conduct of the respondent violates Rule 241.6 and 241.6(7) (failure to cooperate) of the Colorado Supreme Court Rules concerning discipline of attorneys and violates the Colorado Rules of Professional Conduct, Rule 3.1 (filing frivolous motions); Rule 8.2(a) (a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth of falsity concerning the qualifications or integrity of a judge); Rule 8.4(a) (violation of a rule of professional conduct); and Rule 8.4(h) (conduct adversely reflecting on a lawyer's fitness to practice law).

. . . .

## RECOMMENDATION FOR AND CONSENT TO DISCIPLINE

Based on the foregoing, the parties hereto recommend that a public censure be imposed upon respondent. Respondent requests Inquiry Panel A to submit her request to the Colorado Supreme Court for its consideration and consents to the imposition of a public censure in this case.