The PEOPLE of the State of Colorado, Complainant,

v.

Jean S. NELSON, Respondent.

No. 99PDJ102.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 26, 2001.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, J.D. SNODGRASS and DAVID A. ROTH, both members of the bar.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED*: ATTORNEY SUSPENDED FOR A PERIOD OF EIGHTEEN MONTHS.

A sanctions hearing pursuant to C.R.C.P. 251.15(b) was held on May 11, 2000, before the Presiding Disciplinary Judge ("PDJ") and two Hearing Board members, J.D. Snodgrass and David A. Roth, both members of the bar. Gregory G. Sapakoff, Assistant Attorney Regulation Counsel represented the People of the State of Colorado (the "People"). Jean S. Nelson ("Nelson"), the respondent, appeared *pro se*.

The Complaint in this disciplinary action was filed on October 8, 1999. The Respondent, Jean S. Nelson, did not file an Answer to the Complaint. On November 15, 1999 the People filed a Motion for Default. Nel-

son did not respond. On March 1, 2000 the PDJ issued an Order granting default, stating that all factual allegations set forth in the Complaint were deemed admitted pursuant to C.R.C.P. 251.15(b), and denied default as to the alleged violations.

At the sanctions hearing, the People presented evidence from Jean S. Nelson, Gloria Marquez, Judy Pirsky and Michael A. Williams. Jean S. Nelson testified on his own behalf. The People's exhibits 1 through 8 were offered and admitted into evidence.

The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, assessed the testimony and credibility of the witnesses and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Jean S. Nelson has taken and subscribed to the oath of admission, was admitted to the bar of the Supreme Court on May 21, 1986 and is registered upon the official records of this court, registration number 15625. Nelson is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b). On approximately March 1, 1999, Nelson submitted his attorney registration form to the Supreme Court Office of Attorney Registration. On the attorney registration form Nelson attested to the fact that he was under a current order to pay child support and was not in compliance with respect to the order. Through that attestation, Nelson acknowledged that he was aware of his obligation to pay child support and he was in violation of the court's orders.

The child support order to which Nelson referred on his attorney registration form arose out of a paternity action filed in the Denver Juvenile Court in 1990. The original child support order required support payments to commence on December 1, 1992. Nelson did not commence support payments as required by the order of support. In September 1996, Nelson was held

in contempt for failing to pay child support and sentenced to serve 180 days in jail. After serving five days and paying $2,500.00, Nelson was released from jail. Thereafter, despite the continuing court order to pay support, Nelson failed to make support payments. Between the time Nelson was released from jail on the contempt finding in 1996 and the date of this disciplinary proceeding, Nelson paid only $500 toward the support obligation. As of February 2000, Nelson was in arrears in child support in the amount of $64,027.00.

**On March 23, 1999, the People sent a letter to Nelson requesting information concerning the legal matter out of which his child support obligation arose. Nelson failed to respond. On May 5, 1999, the People sent a certified letter to Nelson advising him that this matter was being investigated and requesting the same information. On May 6, 1999, Doris Nelson signed for the certified letter at Nelson's registered address. Nelson again failed to respond. On June 24, 1999, a third letter was sent to Nelson reminding him of his obligation to respond to the request for investigation and advising him that failure to cooperate in the investigation can be, in and of itself, grounds for discipline. Nelson admitted he received all three letters and failed to respond to them. In the sanction hearing, Nelson acknowledged that he did not respond to the inquiries in an effort to prevent jurisdiction from arising. Although jurisdiction was never in question,[1] Nelson's efforts were intended to obstruct the investigation of his conduct. After receiving no voluntary compliance with their requests for information, a process server was engaged but was unable, after several attempts, to serve Nelson with a subpoena to appear for a deposition.**

## II. CONCLUSIONS OF LAW

The Complaint charged Nelson with violating Colo. RPC 3.4(c)(knowing disobedience under the rules of a tribunal)(claim one),

---

1. Pursuant to C.R.C.P. 251.1(b), "[e]very attorney licensed to practice law in the State of Colorado is subject to the disciplinary and disability jurisdiction of the Supreme Court in all matters relating to the practice of law."

Colo. RPC 8.1(b)(knowingly failing to respond reasonably to a lawful demand for information) constituting grounds for discipline pursuant to C.R.C.P. 251.5(d)(failure to respond to a request by the Regulation Counsel)(claim two), Colo. RPC 8.4(d)(engaging in conduct prejudicial to the administration of justice)(claim three), and Colo. RPC 8.4(h)(engaging in conduct which adversely reflects on the lawyer's fitness to practice law)(claim four).[2]

■ Nelson was subject to a valid court order to pay child support and failed to comply with the provisions of that order. He acknowledged that he was aware of his obligation to pay child support and that he was and is in violation of that court order. Nelson's conduct constitutes a violation of Colo. RPC 3.4(c)(knowing disobedience under the rules of a tribunal). *See People v. Hanks,* 967 P.2d 144, 145 (Colo.1998) (holding that willful non-compliance with court-ordered child support payments constitutes a violation of Colo. RPC 3.4(c)).

■ Claim two of the Complaint alleges a violation of Colo. RPC 8.1(b)(knowingly failing to respond reasonably to a lawful demand for information) constituting grounds for discipline pursuant to C.R.C.P. 251.5(d)(failure to respond to request by the Regulation Counsel). On March 23, 1999, May 5, 1999 and June 24, 1999, the People sent letters via certified mail to Nelson at his registered address requesting further information regarding his child support obligations and advising him that his failure to cooperate in the investigation could be grounds for discipline. Nelson acknowledged he received the letters and failed to respond. Nelson's conduct in failing to respond to and provide information to the People regarding a disciplinary investigation was knowing and constitutes a violation of Colo. RPC 8.1(b) and is grounds for discipline pursuant to C.R.C.P. 251.5(d). *See People v. Thomas,* 925 P.2d 1081, 1083 (Colo. 1996) (holding that the failure to cooperate with a disciplinary investigation is a violation of [prior] C.R.C.P. 241.6 and 241.6(7) of the Colorado Supreme Court Rules concerning discipline).

■ Claim three alleges that Nelson violated Colo. RPC 8.4(d)(engaging in conduct prejudicial to the administration of justice) by interfering with the People's obligation to investigate an attorney's non-compliance with court orders. The Office of Attorney Regulation Counsel is charged with the responsibility of investigating complaints of attorney misconduct. C.R.C.P. 251.3(c). Attorneys are required to respond to the requests for investigation issued by that office. C.R.C.P. 251.10(a). Failure to do so may interfere with that office's ability to perform their investigative functions. Nelson's failure to respond to requests of the Office of Attorney Regulation Counsel's investigation of his conduct impeded the investigation of this matter, was prejudicial to the administration of justice and constitutes a violation of Colo. RPC 8.4(d).

### III. SANCTION/IMPOSITION OF DISCIPLINE

■ Colorado law provides that the appropriate sanction for an attorney's failure to pay court ordered child support is a suspension from the practice of law. *See In re Green,* 982 P.2d 838, 839 (Colo.1999)(suspending attorney for one year and one day for failing to pay court-ordered child support); *People v. Hanks,* 967 P.2d 144, 146 (Colo.1998) (attorney suspended for one year and one day for willfully failing to comply with court-ordered child support, knowingly disobeying and obligation under the rules of a tribunal, engaging in conduct prejudicial to the administration of justice and engaging in conduct adversely reflecting on his fitness to practice law). The PDJ and Hearing Board considered factors in aggravation and mitigation pursuant to the ABA *Standards for Imposing Lawyer Sanctions* (1992 & Supp.1991) ("ABA *Standards* ") 9.22 and 9.32 respectively. No mitigating factors were presented in the course of the sanctions hearing. In aggravation, Nelson acted with a dishonest or selfish motive, *see id.* at 9.22(b); and engaged in multiple offenses, *see id.* at 9.22(d). Additionally, Nelson has had prior discipline, *see id.* at 9.22(a). Nelson received a Letter

**2.** Claim four was withdrawn by stipulation of the    parties at the sanctions hearing.

of Admonition ("LOA") in August 1996 and another in August of 1998.[3] Nelson intentionally failed to comply with the rules relating to investigations of attorney conduct and failed to participate in these proceedings, *see id.* at 9.22(e).[4]

The PDJ and Hearing Board conclude that the aggravating factors present here—multiple violations, prior discipline and a selfish motive—make the within case more serious than *Green* or *Hanks,* where the sanction of the respondent attorney was a suspension of one year and one day. Moreover, the repeated knowing failures to respond to the Office of Attorney Regulation Counsel's requests were intended by Nelson to impede, frustrate and obstruct the investigation of his conduct. Such actions are directly contrary to an attorney's duty and obligation to promptly respond to requests from that office, delay the resolution of complaints against attorneys, and reflect adversely upon the attorney's integrity. Nelson's failure to respond to the request for investigation requires the imposition of an additional period of suspension.

### IV. ORDER

It is therefore ORDERED:

1. JEAN SHAMA NELSON, attorney registration number 15625 is suspended from the practice of law effective thirty-one days from the date of this Order for a period of **eighteen (18) months.** Sixteen (16) months are imposed for the child support related violations[5] and an additional two months for the knowing failure to respond to requests from the Office of Attorney Regulation Counsel. On or after February 1, 2002, upon satisfactory proof of payment in full of the child support arrearage or the approval by the appropriate court of a nego-

tiated payment plan, Nelson may apply for reinstatement to the practice of law pursuant to C.R.C.P. 251.29. If Nelson is reinstated from this disciplinary suspension before the passage of one year and one day of the suspension period, he will be placed on probation for a period of three years. The conditions of such probation are: (1) each month Nelson shall certify to the Office of Attorney Regulation Counsel that he is in full compliance with his court ordered child support obligations; and (2) Nelson shall not violate any of The Rules of Professional Conduct. If Nelson is not reinstated before the passage of one year and one day of the suspension period, he must petition for reinstatement pursuant to C.R.C.P. 251.29. Prior to reinstatement under C.R.C.P. 251.29, and as a condition thereof, Nelson must establish that he has either satisfied his past due child support obligations or, if he has negotiated a payment plan approved by the appropriate court, that he is current with his obligations under the plan.

2. Nelson is Ordered to pay the costs of these proceedings. The People shall submit a Statement of Costs within (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

---

3. The 1996 LOA related to Nelson's failure to pay a retained expert the amount owed. The 1998 LOA arose from the lengthy neglect of a client matter and Nelson's failure to adequately communicate with that client.

4. Nelson's only participation in these proceedings was his appearance at the sanction hearing.

5. Nelson was immediately suspended from the practice of law on May 9, 2000 pursuant to the provisions of C.R.C.P. 251.8.5. That administrative suspension is separate and distinct from this disciplinary suspension. Notwithstanding any provision of this decision, Nelson must comply with the provisions of C.R.C.P. 251.8.5(d) in order to be reinstated from the administrative suspension.