The PEOPLE of the State of Colorado, Complainant,

v.

Jean Shama NELSON, Respondent.

No. 00PDJ089.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Jan. 8, 2002.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED:* **ATTORNEY DISBARRED.**

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on December 5, 2001, before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Dante J. James and Henry C. Frey, both members of the bar. Gregory S. Sapakoff, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). The respondent, Jean Shama Nelson ("Nelson"), did not appear.

The Complaint in Case No. 00PDJ089 was filed on November 30, 2000, and the Complaint in Case No. 01PDJ061 was filed on May 30, 2001. Nelson did not file Answers to either Complaint. Pursuant to motions filed on behalf of the People, default as to the facts alleged and the violations charged were granted in both cases. Thereafter, the People requested consolidation of the cases for purposes of a sanctions hearing, and the PDJ entered an order consolidating the two disciplinary proceedings on June 29, 2001.

At the sanctions hearing, the People offered and the PDJ admitted exhibit 1, the Reports of Investigations, into evidence. The People also presented records of Nelson's prior discipline for consideration by the PDJ and Hearing Board. The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibit admitted, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

Nelson has taken and subscribed to the oath of admission, was admitted to the bar of the Colorado Supreme Court on May 21, 1986, and is registered upon the official records of this court, registration number 15625. Nelson is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaints in this consolidated matter were deemed admitted by the entry of default. The facts set forth therein are therefore established by clear and convincing evidence. *See* Complaints attached hereto as exhibits 1 and 2.

## II. CONCLUSIONS OF LAW

The entry of default established the following violations of The Colorado Rules of Professional Conduct ("Colo.RPC") in this consolidated matter: three violations of Colo. RPC 3.4(c)(knowing disobedience of an obligation under the rules of a tribunal), constituting grounds for discipline pursuant to C.R.C.P. 251.28; three violations of Colo. RPC 5.5(a)(practicing law in a jurisdiction in violation of the regulations of the legal profession in that jurisdiction); three violations of Colo. RPC 1.3(neglecting a legal matter entrusted to the lawyer); three violations of Colo. RPC 1.4(a)(failing to communicate with a client); two violations of Colo. RPC 1.16(d)(failing to protect a client's interests upon termination), and one violation of Colo. RPC 8.4(c)(engaging in conduct involving fraud deceit, misrepresentation or dishonesty—knowing conversion).

Nelson was suspended from the practice of law on May 27, 1999 for failing to comply with mandatory continuing legal education requirements. *See* C.R.C.P. 260.6(1). He was not reinstated from that suspension until December 27, 1999. Following notice of his suspension, Nelson did not file an affidavit with the Supreme Court attesting that he had notified clients and opposing counsel of his suspension as required by C.R.C.P. 251.28(d). Nelson was once again suspended from the practice of law on May 9, 2000 under C.R.C.P. 251.8.5 for failure to comply with court orders regarding child support

payments. Nelson again failed to file the required affidavit under C.R.C.P. 251.28(d) with the Supreme Court following notice of his suspension. Nelson remains suspended under the May 9, 2000, immediate suspension order.[1]

The facts established by the entry of default reveal that in more than one case, while authorized to practice law, Nelson neglected legal matters entrusted to him and failed to adequately communicate with his clients. While he was suspended from the practice of law, Nelson continued to practice law in state and federal courts in defiance of the suspension orders and in violation of Colo. RPC 5.5(a)(an attorney shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction). In at least four separate cases, Nelson continued to represent clients in ongoing cases. In both the Phillips and Herrera matters, Nelson neglected to fulfill his obligations to his clients and neglected their legal matters in violation of Colo. RPC 1.3(a lawyer shall not neglect a legal matter entrusted to him). In the Phillips matter, Nelson took no other action after filing a complaint on behalf of Phillips, and failed to inform Phillips that his case had been dismissed due to Nelson's failure to prosecute his matter.

In both the Phillips and Herrera matters, Nelson failed to communicate with the clients during a critical period in their legal proceedings in violation of Colo. RPC 1.4(a)(an attorney shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information), despite both clients' repeated attempts to obtain information about their cases. In both the Herrera and Phillips matters, Nelson failed to return the file to the clients upon request in violation of Colo. RPC 1.16(d)(an attorney shall, upon termination of representation, take steps to the extent reasonably practicable to protect a client's interests, including giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of any fee not earned). Nelson knowingly failed to comply with his obligation under C.R.C.P. 251.28 and violated Colo. RPC 3.4(c)(an attorney shall not knowingly disobey an obligation under the rules of a tribunal) by failing to provide any notice to the client, the opposing party, or the court of his administrative suspension.

In the Herrera matter, in August 1999, while suspended from the practice of law, Nelson was contacted by Rebecca Herrera concerning an immigration matter involving her husband. Nelson agreed to represent the husband in return for $3,000. Nelson accepted an initial payment of $1,000 from Herrera toward the representation. Shortly thereafter, Nelson appeared before the Immigration and Naturalization Service ("INS") on the husband's behalf. The INS gave Nelson a short period of time within which to submit appropriate documentation regarding the husband. Nelson did not do so and the husband was promptly deported. Thereafter, Nelson did no further work on behalf of the husband and, notwithstanding Herrera's efforts to determine the status of her husband's case from Nelson, failed to communicate with Herrera regarding the matter. Eventually, Herrera demanded a refund of her unearned funds. Nelson did not respond. The totality of the circumstances set forth in the complaint regarding the Herrera matter evidence that Nelson abandoned his client. *See People v. Daitzman*, no. 00PDJ052 (Colo. PDJ January 24, 2000), 2001 Colo. Discipl. LEXIS 23 (stating that abandonment may be found when the proof objectively indicates that the attorney has deserted, rejected and/or relinquished the professional responsibilities owed to the client,) *citing People v. Carvell*, no. 99PDJ096, slip op. at 11 (Colo. PDJ Sept 11, 2000), 2000 Colo. Discipl. LEXIS 26.

At the time he agreed to represent Herrera's husband, Nelson knew he was suspended from the practice of law. Notwithstanding that fact, Nelson accepted $1,000 from Herrera as legal fees. By accepting the

1. On July 26, 2001, Nelson received a disciplinary suspension of 18 months for misconduct relating to his knowing disobedience of court orders regarding child support. *See People v. Nelson*, 35 P.3d 641 (Colo. PDJ 2001) 2001 Colo. Discipl. LEXIS 65.

$1,000 from Herrera as legal fees at a point in time when he knew he could not practice law, Nelson exercised unauthorized dominion and control over the funds of another. Because he could not practice law, Nelson could not and did not "earn" those funds by virtue of his work on behalf of the client. Herrera's later demand for refund of the $1,000 went unanswered. There is no evidence in the record of this case that Nelson performed any services on behalf of Herrera or her husband after December 27, 1999, the date of Nelson's reinstatement.[2]

Nelson engaged in knowing conversion of the Herrera funds in violation of Colo. RPC 8.4(c)(it is professional misconduct for an attorney to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). *See People v. Varallo*, 913 P.2d 1, 11 (Colo.1996)(holding that knowing misappropriation [for which the lawyer is almost invariably disbarred] "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking," *citing In re Noonan*, 102 N.J. 157, 160, 506 A.2d 722 (1986)). Nelson knew the funds did not belong to him, knew that he could not earn the funds at the time he accepted them and knew that he performed no services for the client which would authorize him to earn the funds. Moreover, after Herrera demanded a return of her funds, Nelson ignored the demand and continued to retain control of Herrera's funds.

### III. SANCTIONS/IMPOSITION OF DISCIPLINE

■ The PDJ and Hearing Board found that Nelson's conduct constituted a violation of duties owed to the legal system, the profession and to the public. The ABA's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") is the guiding authority for selecting the appropriate sanction to impose for lawyer misconduct.

ABA *Standard* 4.11 provides:

Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.

ABA *Standard* 4.41(a) provides:

Disbarment is generally appropriate when a lawyer abandons the practice and causes serious or potentially serious injury to a client.

ABA *Standard* 6.22 provides:

Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

Nelson's conduct meets the criteria under ABA *Standards* 4.11 and 4.41(a). Nelson knowingly converted client funds, abandoned his client in the Herrera matter and caused injury to both his clients in the Phillips and Herrera matters.

■ The presumptive sanction recommended by ABA *Standards* 4.41 and 4.41(a) depends on the degree of injury or potential injury occasioned by the lawyer's misconduct. *Compare* ABA *Standards* 4.41(a) and 6.22, *supra.* Nelson failed to take steps on behalf of Herrera's husband despite his having been reinstated to the practice of law in December 1999, even though there was an urgent and immediate need for counsel to take steps on the client's behalf to allow him to remain legally in the United States. Nelson's abandonment in the Herrera matter caused severe hardship to this client. In the Phillips matter, Nelson failed to inform his client of the court's show cause order, requiring Nelson to show cause why Phillip's matter should not be dismissed for failure to prosecute. The client's case was dismissed. Both clients were constrained to hire replacement counsel.

Colorado case law is consistent with the ABA *Standards* in holding that disbarment is the presumed sanction for abandonment of a client coupled with knowing misappropriation of client funds. *See People v. Skaalerud*, 963 P.2d 341, 344 (Colo.1998)(approving conditional admission of misconduct agreeing to disbarment where attorney misappropriated settlement proceeds from multiple clients

---

2. One of the Colo. RPC 1.3(neglect) violations is based upon the fact that Nelson did not perform any services for Herrera or her husband between December 27, 1999 and May 9, 2000.

and abandoned them); *People v. Holmes,* 951 P.2d 477, 479 (Colo.1998)(disbarring attorney, in part, for misappropriating fees and abandoning clients); *People v. McDowell,* 942 P.2d 486, 492 (Colo.1997)(holding that disbarment was the presumed sanction for knowing misappropriation of funds); *People v. Gilbert,* 921 P.2d 48, 50 (Colo.1996)(disbarring attorney in default proceedings where attorney converted client funds in conjunction with abandonment of practice); *People v. Elliott,* 39 P.3d 551, at 551 (Colo. PDJ 2000); 2000 Colo. Discipl. LEXIS 40 (attorney disbarred for abandoning his clients and conversion of clients' funds).

Nelson's repeated violation of the suspension orders, his failure to comply with C.R.C.P. 251.28(d), his neglect of his clients and his failure to communicate with them would ordinarily be grounds for suspension under ABA *Standard* 6.22. In this case, however, this additional misconduct only reinforces the sanction of disbarment.

The PDJ and Hearing Board considered aggravating and mitigating factors pursuant to ABA *Standards* 9.22. The People offered unrebutted evidence in aggravation that Nelson's conduct demonstrated a dishonest or selfish motive, *see id.* at 9.22(b); he committed multiple offenses, *see id.* at 9.22(d), he failed to participate in this consolidated matter, *see id.* at 9.22(e) and, as set forth *supra,* he had significant prior discipline, *see id.* at 9.22(a).

## IV. ORDER

It is therefore ORDERED:

1. JEAN SHAMA NELSON, registration number 15625 is DISBARRED from the practice of law effective thirty-one days from the date of this Order, and his name shall be stricken from the roll of attorneys licensed to practice law in this state.

2. Prior to the submission of any Petition for Readmission pursuant to C.R.C.P. 251.29, Jean Shama Nelson shall pay to Ms. Herrera the sum of $1,000, plus statutory interest from August 20, 1999.

3. Nelson is ORDERED to pay the costs of these proceedings within

sixty (60) days of the date of this Order.

4. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

## EXHIBIT 1

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### JURISDICTION

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on May 21, 1986, and is registered upon the official records of this court, registration No. 15625. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 10141 Montview Boulevard, Aurora, Colorado 80015. His last known home address is 4650 South Idalia Street, Aurora, Colorado 80015.

### (1) GENERAL FACTUAL ALLEGATIONS

2. On or about April 8, 1999, the Board of Continuing Legal—Judicial Education filed with the Colorado Supreme Court a notice concerning the respondent's failure to comply with C.R.C.P. 260, concerning mandatory continuing legal education.

3. The notice sent by the Board of Continuing Legal—Judicial Education alleged that the respondent had not completed 45 units of general CLE credits, including 7 units of ethics credit, between September 16, 1996 and December 31, 1998, as required by C.R.C.P. 260.6(1).

4. A copy of the notice concerning the respondent's non-compliance with his continuing legal education requirements was sent to the respondent at his registered address.

5. The respondent failed to take steps to comply with his CLE requirements or to demonstrate compliance with those require-

ments after receiving the notice from the Board of Continuing Legal—Judicial Education.

6. On May 27, 1999, the Colorado Supreme Court issued an Order suspending the respondent from the practice of law in Colorado because of his failure to comply with mandatory CLE requirements. The Colorado Supreme Court mailed a copy of the order to the respondent at his registered address.

7. After the order was entered suspending the respondent for failure to comply with mandatory CLE requirements, the respondent failed to submit to the Colorado Supreme Court an affidavit, in compliance with C.R.C.P. 251.28(d), verifying that he had notified all clients and all opposing parties in litigation of his administrative suspension.

8. On December 27, 1999, the Colorado Supreme Court entered an order reinstating the respondent to the practice of law in Colorado after the respondent demonstrated his compliance with mandatory CLE requirements.

9. The respondent's reinstatement in December 1999 was based upon a petition he submitted in which he alleged that he had completed his mandatory CLE requirements primarily through home study programs completed in November and December 1999.

10. On May 9, 2000, the respondent was immediately suspended from the practice of law pursuant to C.R.C.P. 251.8.5, because of his failure to comply with court orders concerning the payment of child support.

11. The respondent has remained on immediate suspension continuously since May 9, 2000.

12. Since the respondent was immediately suspended from the practice of law in May 2000, the respondent has not filed with the Colorado Supreme Court an affidavit in compliance with C.R.C.P. 251.28(d) verifying that he has given notice of his suspension to all his clients and to all parties in pending litigation.

## CLAIM I

**[Failure to File Required Affidavit with the Colorado Supreme Court following Administrative Suspension— C.R.C.P. 251.28(d) and Colo. RPC 3.4(c) ]**

13. Paragraphs 1 though 12 are incorporated herein.

14. Within 10 days after the effective date of the order suspending the respondent for failure to comply with mandatory CLE requirements, the respondent was required, pursuant to C.R.C.P. 251.28(d), to file an affidavit with the Colorado Supreme Court setting forth a list of all pending matters in which he served as counsel and showing that he had fully complied with the provisions of the order of suspension and of C.R.C.P. 251.28; that he had notified every other jurisdiction before which he was admitted to practice law of the order entered against him; and that he had served a copy of his affidavit upon counsel for the Appellate Discipline Commission, the Presiding Disciplinary Judge, and Regulation Counsel.

15. The respondent knowingly failed to comply with his obligations pursuant to C.R.C.P. 251.28(d) following his administrative suspension in May 1999.

16. Through his conduct as described above, the respondent violated Colo. RPC 3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM II

**[Failure to File Required Affidavit with the Colorado Supreme Court following immediate suspension—C.R.C.P. 251.28(d) and Colo. RPC 3.4(c) ]**

17. Paragraphs 2 through 16 are incorporated herein.

18. Within 10 days after the effective date of the order immediately suspending the respondent for failure to comply with court orders concerning the payment of child support, the respondent was required, pursuant to C.R.C.P. 251.28(d), to file an affidavit with

the Colorado Supreme Court setting forth a list of all pending matters in which he served as counsel and showing that he had fully complied with the provisions of the order of suspension and of C.R.C.P. 251.28(d); that he had notified every other jurisdiction before which he was admitted to practice law of the order entered against him; and that he had served a copy of his affidavit upon counsel for the Appellate Discipline Commission, the Presiding Disciplinary Judge, and Regulation Counsel.

19. The respondent knowingly failed to comply with his obligations pursuant to C.R.C.P. 251.28(d) following his immediate suspension in May 2000.

20. Through his conduct as described above, the respondent violated Colo. RPC 3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM III

#### [Practicing law while under administrative suspension— Colo. RPC 5.5(a) ]

21. Paragraphs 2 though 20 are incorporated herein.

22. At the time of his administrative suspension in May 2000, the respondent was counsel of record for Brenda Casey, the petitioner in *In re the Marriage of Casey*, Arapahoe County District Court, case number 98DR1869.

23. Following his administrative suspension, the respondent continued to represent Ms. Casey in case number 98DR1869, including the preparation and filing of pleadings in that case.

24. The respondent also remained counsel of record in several other pending cases while he was on administrative suspension, including, but not limited to *Phillips v. Preferred Risk Financial, Inc.*, Denver District Court, case number 98CV4210.

25. By continuing to practice law while under administrative suspension, the respondent violated the order of suspension and the regulations of the legal profession in the state of Colorado pursuant to which the respondent was suspended.

26. Through his conduct as described above, the respondent violated Colo. RPC 5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM IV

#### [Continuing to practice law while under suspension is violation of the regulations of the legal profession in the United States District Court for the District of Colorado—Colo. RPC 5.5(a) ]

27. Paragraphs 2 though 26 are incorporated herein.

28. At the time of respondent's immediate suspension from the practice of law in May 2000, the respondent was counsel of record for the plaintiff in *Gordon v. J.C. Penny Company*, United States District Court, case number 98S1270.

29. The respondent is not licensed to practice law in any state other than Colorado.

30. Pursuant to Rule 83.5(F) of the local rules for the United States District Court for the District of Colorado, an attorney admitted to the bar of the U.S. District Court must remain in good standing in all courts where admitted. The rule specifically provides that "no attorney may practice before the bar of this court or continue to be an attorney of record in any proceeding who is under suspension for any period or had been disbarred by any court where previously admitted."

31. The respondent continued to represent the plaintiff in U.S. District Court in *Gordon v. J.C. Penny Company*, following his immediate suspension until at least June 5, 2000, when the U.S. District Court entered an order declaring that the respondent "is withdrawn as counsel for plaintiff in the above-captioned case."

32. Until the Court entered its order withdrawing the respondent as counsel for the plaintiff in *Gordon v. J.C. Penny Company,* the respondent briefly practiced law in the U.S. District Court in violation of Rule 83.5(F) of the local rules for the United States District Court for the District of Colorado.

33. Through his conduct as described above, the respondent violated Colo. RPC 5.5(a) (a lawyer shall not practice law in a jurisdiction where doing do so violates the regulations of the legal profession in that jurisdiction).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM V
### [Neglect of a Legal Matter—
### Colo. RPC 1.3]

34. Paragraphs 2 though 33 are incorporated herein.

35. In 1997, Thurman Phillips, a complaining witness in this matter, retained the respondent to represent him in asserting claims stemming from an auto accident which occurred on December 16, 1996.

36. On May 22, 1998, the respondent filed a complaint on behalf of Mr. Phillips.

37. After the respondent filed the complaint, Mr. Phillips contacted the respondent's office frequently in an attempt to determine the status of his case.

38. The respondent did not return Mr. Phillips' telephone calls seeking reasonable information concerning the status of his case.

39. After filing the complaint for Mr. Phillips, the respondent took no further action of record in his case other than filing a motion for extension of time to effect service of process.

40. The respondent failed to notify Mr. Phillips of the respondent's administrative suspension in May 1999, and failed to advise Mr. Phillips that he could no longer represent him in his civil action.

41. In June of 1999, the District Court sent an order to the respondent directing him to show cause why Mr. Phillips' case should not be dismissed for failure to prosecute.

42. The respondent received the order directing him to show cause why Mr. Phillips case should not be dismissed for failure to prosecute.

43. The respondent failed to send a copy of the show cause order to Mr. Phillips and failed to respond to the motion.

44. On or about July 28, 1999, the court dismissed Mr. Phillips' complaint for failure to prosecute.

45. The respondent never informed Mr. Phillips that his case had been dismissed for failure to prosecute.

46. Through his conduct as described above, the respondent violated Colo. RPC 1.3 (a lawyer shall not neglect a legal matter entrusted to the lawyer).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM VI
### [Failure to communicate with a
### client—Colo. RPC 1.4(a) ]

47. Paragraphs 2 though 46 are incorporated herein.

48. After filing the complaint in Mr. Phillips' case, the respondent failed to keep Mr. Phillips informed about the status of his case or of the respondent's administrative suspension from the practice of law.

49. After filing the complaint in Mr. Phillips' case, the respondent failed to respond to any telephone calls from Mr. Phillips seeking information about the status of his case, even when communication was necessary to inform Mr. Phillips of the need to retain new counsel to represent him and to respond to the court's order to show cause.

50. In November 1999, Mr. Phillips retained new counsel, Randy Corporon, Esq., to represent him in his case.

51. Until Mr. Corporon reviewed the court file, Mr. Phillips was not aware that his case had been dismissed.

52. After he began representing Mr. Phillips, Mr. Corporon attempted to get informa-

tion from the respondent concerning Mr. Phillips case.

53. The respondent failed to respond to telephone calls and written correspondence from Mr. Corporon.

54. Through his conduct as described above, the respondent violated Colo. RPC 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM VII
### [Failure to protect the client's interest upon termination of representation— Colo. RPC 1.16(d) ]

55. Paragraphs 2 though 54 are incorporated herein.

56. Mr. Corporon was successful in getting Mr. Phillips' case reinstated in Denver District Court.

57. Mr. Corporon and his staff attempted to contact the respondent by telephone several times in late 1999 and early 2000 concerning Mr. Phillips' file.

58. Telephone messages left on respondent's voice mail were not returned, despite the fact that the respondent had been reinstated to the practice of law in December 1999.

59. On or about December 9, 1999, Mr. Corporon sent a letter to the respondent by certified mail at his registered address demanding Mr. Phillips' file.

60. The letter from Mr. Corporon was received by the respondent and signed for by a member of the respondent's family.

61. The respondent never responded to Mr. Corporon's letter, nor did he ever release Mr. Phillips' file.

62. In August 2000, Mr. Corporon filed a motion to voluntarily dismiss Mr. Phillips' civil action.

63. The decision to dismiss Mr. Phillips' civil action was based in part on the inability to move forward on the case because of the respondent's failure to turn over Mr. Phillips' file.

64. Mr. Phillips' file, in the possession of the respondent, includes original documents and records provided to the respondent by Mr. Phillips.

65. The respondent's representation of Mr. Phillips' was effectively terminated by the respondent's administrative suspension in May 1999.

66. The respondent's status as counsel of record for Mr. Phillips was terminated when Mr. Corporon entered his appearance as counsel for Mr. Phillips.

67. Through his conduct following the termination of his representation, the respondent violated Colo. RPC 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect the client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, and surrendering papers and property to which the client is entitled).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM VIII
### [Failure to give notice of administrative suspension—C.R.C.P. 251.28 and Colo. RPC 3.4(c) ]

68. Paragraphs 2 though 67 are incorporated herein.

69. Following his administrative suspension in May 1999, the respondent was obligated, pursuant to C.R.C.P. 251.28, to notify Mr. Phillips, the opposing party in Mr. Phillips' case, and the Denver District Court, of his administrative suspension.

70. The respondent failed to provide any notice to Mr. Phillips, the opposing party, or the Denver District Court of this administrative suspension from the practice of law.

71. Through his conduct as described above, the respondent failed to comply with his obligation under C.R.C.P. 251.28 and violated Colo. RPC 3.4(c) (a lawyer shall not knowingly violate an obligation under the rules of a tribunal).

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct which establish grounds for discipline as provided in C.R.C.P. 251.5, including C.R.C.P. 251.28, C.R.C.P. 251.28(d), Colo. RPC 1.3, Colo. RPC 1.4(a), Colo. RPC 1.16(d), Colo. RPC 3.4(c), and Colo. RPC 5.5(a), and that he be appropriately disciplined and assessed the costs of these proceedings.

## EXHIBIT 2

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251 .9 through 251.14, and it is alleged as follows:

## JURISDICTION

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on May 21, 1986, and is registered upon the official records of this court, registration no. 15625. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 10141 Montview Boulevard, Aurora, Colorado 80015. His last known home address is 4650 South Idalia Street, Aurora, Colorado 80015.

## GENERAL ALLEGATIONS

2. On or about April 8, 1999, the Board of Continuing Legal–Judicial Education filed with the Colorado Supreme Court a notice concerning the respondent's failure to comply with C.R.C.P. 260 concerning mandatory continuing legal education.

3. The notice alleged that the respondent had not completed 45 units of general CLE credits, including 7 units of ethics credit, between September 16, 1996 and December 31, 1998, as required by C.R.C.P. 261.6(1).

4. A copy of the notice concerning respondent's non-compliance with his continuing legal education requirements was sent to the respondent at his registered address.

5. On May 27, 1999, the Colorado Supreme Court issued an order suspending the respondent from the practice of law in Colorado because of his failure to comply with mandatory CLE requirements.

6. A copy of the order suspending the respondent was mailed to the respondent at his registered address.

7. On August 17, 1999, Rebecca Herrera, the complaining witness in this matter, contacted the respondent by telephone concerning problems her husband, Miguel Angel Herrera–Rojas ("Miguel"), was having with the United States Immigration and Naturalization Service ("INS").

8. On August 11, 1999, Miguel, who was a resident alien, had been pulled over in Cheyenne, Wyoming and issued traffic citations. On August 12, 1999, the INS took Miguel into custody and transported him to a detention facility in Denver.

9. When Ms. Herrera contacted the respondent, she explained the situation, including the fact that she had been married to Miguel for over a year and that she was eight months pregnant with their first child.

10. The respondent told Ms. Herrera that he could handle the case before the INS and that his fee for everything included in the representation would be $3,000.00.

11. The respondent agreed to accept an initial payment of $1,000.00 from Ms. Herrera toward the total fee in order to take the initial steps necessary to have Miguel released from detention.

12. On August 20, 1999, Ms. Herrera drove to Denver from Wyoming and met with the respondent. On that date, Ms. Herrera paid the respondent in cash and received a receipt from the respondent.

13. On September 1, 1999, the respondent appeared before the INS on behalf of Miguel, but was not successful in securing his release. Following the proceedings, the respondent was given until September 3, 1999 to file appropriate paperwork to prevent Miguel's deportation.

14. On September 7, 1999, Ms. Herrera received a telephone call from Miguel from Mexico, notifying Ms. Herrera that Miguel had been deported.

850

15. Miguel had been deported because the respondent had failed to file the necessary paperwork to prevent his deportation.

16. After learning that Miguel had been deported, Ms. Herrera confronted the respondent about what had occurred. The respondent represented to Ms. Herrera that he would do everything he could to get Miguel back into the United States.

17. On October 4, 1999, the respondent sent a letter to Ms. Herrera, alleging that he had been misled by the immigration officer he spoke to concerning the case. In the letter, the respondent apologized to Ms. Herrera and stated, "from now on, I will work on the case for free."

18. On October 15, 1999, Ms. Herrera spoke with the respondent by telephone. During the telephone conversation, the respondent told her it would be six months before the paperwork would go through with the INS.

19. Based upon the representations from the respondent, Ms. Herrera waited six months before contacting the respondent again.

20. On December 27, 1999, the Colorado Supreme Court entered an order reinstating the respondent to the practice of law after he demonstrated his compliance with mandatory CLE requirements.

21. The respondent's reinstatement was based upon a petition submitted by the respondent on December 27, 1999. In his petition for reinstatement, the respondent alleged that he had completed his mandatory CLE requirements primarily through home study programs completed in November and December of 1999.

22. In April 2000, Ms. Herrera left numerous messages for the respondent by telephone at both his home and office telephone numbers, requesting that the respondent call her regarding Miguel's case.

23. On one occasion in April 2000, Ms. Herrera reached the respondent at his home late at night. After initially denying his identity, the respondent told Ms. Herrera, "I have nothing to say to you."

24. The respondent hung up the phone on Ms. Herrera and never spoke to her again.

25. On October 18, 2000, Ms. Herrera sent a letter to the respondent via certified mail, which the respondent received and signed for on October 30, 2000.

26. In her letter, Ms. Herrera summarized her efforts to get information from the respondent and told the respondent that he could finish the case by completing the necessary paperwork within 30 days, or he could refund the money she had paid and send the entire file concerning Miguel's matter to her within 30 days so she could hire another attorney.

27. The respondent did not respond to Ms. Herrera's letter and took no further action in Miguel's case.

28. The respondent's representation was effectively terminated effective no later than November 30, 2000.

## CLAIM I

### [Practicing law while under administrative suspension— Colo. RPC 5.5(a) ]

29. Paragraphs 2 through 28 are incorporated herein.

30. The respondent knew that he was suspended from the practice of law in Colorado for failure to comply with mandatory CLE requirements from May 27, 1999, through December 27, 1999.

31. During that period of time, the respondent knew that he was not permitted to practice law in the State of Colorado.

32. The respondent is not licensed to practice law in any other state.

33. Through his conduct as described above, including accepting a retainer for legal services; given legal advice concerning Miguel's immigration problems; and appearing on Miguel's behalf before the INS, the respondent engaged in the practice of law while under administrative suspension.

34. Through his conduct as described above, the respondent violated Colo. RPC 5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regu-

lations of the legal profession in that jurisdiction).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM II

### [Neglect of a legal matter— Colo. RPC 1.3]

35. Paragraphs 2 through 34 are incorporated herein.

36. Throughout the time he represented Miguel, the respondent neglected Miguel's case as described above.

37. Although the respondent was unable to practice law between May 27, 1999 and December 27, 1999, he was able to provide legal services and take appropriate steps in Miguel's case after he was reinstated to the practice of law.

38. Even after his reinstatement to the practice of law in December 1999, the respondent failed to take any steps to assist Miguel in his case before the INS.

39. From the time the respondent was first retained by Ms. Herrera to represent Miguel, there was a need for counsel to take prompt steps on Miguel's behalf to allow him to remain in the United States legally.

40. The respondent failed to fulfill his obligation to act with diligence and promptness in representing Miguel and neglected the legal matter entrusted to him.

41. Through his conduct as described above, the respondent violated Colo. RPC 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client and shall not neglect a legal matter entrusted to that lawyer).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM III

### [Failure to Communicate— Colo. RPC 1.4(a) ]

42. Paragraphs 2 through 41 are incorporated herein.

43. During the time the respondent represented Miguel as described above, he had an obligation to keep his client and/or Ms. Herrera (on behalf of his client) reasonably informed about the status of the matter and to comply with reasonable requests for information.

44. Throughout his representation, and particularly throughout the year 2000, the respondent failed to comply with this obligation at a time when communication with the client or Ms. Herrera was vital.

45. Through his conduct as described above, the respondent has violated Colo. RPC 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information from a client).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM IV

### [Abandonment—Colo. RPC 1.3 and Colo. RPC 1.4(a) ]

46. Paragraphs 2 through 45 are incorporated herein.

47. Through his combined neglect and failure to communicate when action on the case and communication were necessary, the respondent made himself completely inaccessible to his client or to Ms. Herrera.

48. Through his conduct as described above, the respondent abandoned a client, in violation of both Colo. RPC 1.3 and Colo. RPC 1.4(a).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM V

### [Failure upon termination of representation to take steps to protect a client's interests, including refunding unearned fees and failure to return client property—Colo. RPC 1.16(d) ]

49. Paragraphs 2 through 48 are incorporated herein.

50. During the time the respondent provided any legal services to Ms. Herrera or

Miguel, the respondent was suspended from the practice of law and not entitled to receive payment for legal services.

51. The respondent substantially failed to perform the legal services for which he was paid in advance by Ms. Herrera.

52. The respondent has failed, since his representation was terminated in approximately November 2000, to refund any of the advance payment of fee given to him by Ms. Herrera to represent Miguel.

53. The respondent has also failed, since his representation was terminated, to comply with Ms. Herrera's request that he return to her the entire file concerning Miguel's case.

54. Through his conduct as described above, the respondent has violated Colo. RPC 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, including surrendering papers and property to which the client is entitled and refunding any advanced payment of fee that has not been earned).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VI

### [Misrepresentation and conversion— Colo. RPC 8.4(c)]

55. Paragraphs 2 through 54 are incorporated herein.

56. The respondent accepted an advanced payment of fees from Ms. Herrera at a time when he knew he was suspended from the practice of law.

57. In so doing, the respondent knowingly misrepresented to Ms. Herrera, by omission, his status as a suspended lawyer.

58. The respondent made affirmative and knowing misrepresentations to Ms. Herrera by telling her he would take steps to get Miguel back into the United States after he was deported, when he knew he was still under administrative suspension and unable to represent Miguel in proceedings before the INS.

59. Since his representation was terminated in approximately November 2000, the respondent has continued to exercise dominion or control over funds belonging to Ms. Herrera without her consent.

60. Through his continued exercise of unauthorized dominion or control over funds belonging to Ms. Herrera for many months after she demanded a refund of the unearned funds, the respondent has knowingly converted funds belonging to a client or a third party.

61. Through his knowing conversion of client or third party funds, the respondent has engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

62. Through his conduct as described above, the respondent has violated Colo. RPC 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct, including Colo. RPC 1.3, 1.4(a), 1.16(d), 5.5(a), and 8.4(c), which establish grounds for discipline as provided in C.R.C.P. 251.5, and the Colorado Rules of Professional Conduct and that he be appropriately disciplined and assessed the costs of these proceedings.